COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia

CAMELLIA LOU FRIES

                               MEMORANDUM OPINION[*] BY
v.   Record No. 0837-94-4       JUDGE JAMES W. BENTON, JR.
                                    JUNE 6, 1995
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Dennis L. Hupp, Judge

Walter F. Green, IV (Green & O'Donnell, on brief),
for appellant.

G. Russell Stone, Jr., Assistant Attorney General
(James S. Gilmore, III, Attorney General, on brief),
for appellee.


Camellia Lou Fries, a juvenile, was tried and convicted of murdering her mother. Over her objection, she was tried at the same trial with Shawn Roadcap, another juvenile, who was being tried for the same murder. On this appeal, Fries contends that the trial judge erred in admitting as evidence statements that Roadcap made to the police prior to trial which were partially non-self-inculpatory as to Roadcap. For the reasons that follow, we affirm the trial judge's ruling.

At a hearing in the juvenile and domestic relations district court, Fries was found "guilty of the . . . delinquency charge . . . [of] first degree murder" for killing her mother. Following Fries' appeal to the circuit court, the Commonwealth filed a motion to try jointly Fries, Roadcap, and Fries' sister,

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

all of whom had been found guilty of the same delinquency charge of murder for the killing of Fries' mother. Fries and Roadcap requested a public hearing pursuant to Code § 16.1-302. Fries' sister waived her right to a public trial as permitted by Code § 16.1-302. The trial judge granted the waiver and ordered that Fries and Roadcap be tried together.

After Fries' request to sever her trial from the trial of Roadcap was denied, Fries moved to bar the Commonwealth from offering in evidence statements made by Roadcap to the police prior to trial. Those statements contained allegations regarding Fries and contained information that was both self-inculpatory and non-self-inculpatory regarding Roadcap's participation in the killing. Fries' attorney argued that although the statements were against Roadcap's penal interest, Roadcap had invoked his Fifth Amendment right not to testify and was unavailable as a witness to testify regarding portions of his statements that concerned Fries. Fries' counsel argued that the statements made by Roadcap were not reliable. The trial judge denied the motion.

Fries argues on this appeal that the decision of the Supreme Court of the United States in <u>Williamson v. United States</u>, ___ U.S. ___, 114 S. Ct. 2431 (1994), compels a reversal of the trial judge's decision. In <u>Williamson</u>, the Supreme Court held that although Rule 804(b)(3) allows in evidence as an exception to the hearsay rule statements made against a declarant's penal interest, non-self-inculpatory statements cannot be considered to

be statements made against a declarant's penal interest even if they are contained within a broader narrative that is generally self-incriminatory.  ___ U.S. at ___, 114 S. Ct. at 2435.  The Court held that non-self-inculpatory statements are unreliable and should be excluded as hearsay.  Id. at ___, 114 S. Ct. at 2435.

Recently, however, in Chandler v. Commonwealth, ___ Va. ___, ___ S.E.2d ___ (1995), the Supreme Court of Virginia had the opportunity to address the application of Williamson.  Although the court's decision only summarily addressed Williamson, it unambiguously rejected the primary foundation of that opinion and held that "Williamson . . . concerned the interpretation of the Federal Rules of Evidence, not applicable here."  The Supreme Court's rationale in Chandler does not permit this Court to apply in Virginia the rule announced in Williamson that non-self-inculpatory statements are unreliable and "should [not] be treated any differently from other hearsay statements that are generally excluded."  ___ U.S. at ___, 114 S. Ct. at 2435.

Accordingly, we affirm the trial judge's ruling.

Affirmed.